UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
    UNITED STATES OF AMERICA,                              :
                                                           :
                                                           :
           v.                                              :          23-CR-589 (VSB)
                                                           :
                                                           :          **ORDER**
    JESSE GARCIA,                                          :
                                                           :
                              Defendant.   :
                                                           :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Sentencing is scheduled for April 17, 2024 at 3 p.m.  In connection with Defendant's

sentencing, I have received read the following:  (1) the Presentence Investigation Report

("PSR"); (2) the sentencing memorandum of Defendant Jesse Garcia ("Garcia" or "Defendant"),

filed on April 5, 2024, (Doc. 18); (3) Defendant's sentencing letter dated April 16, 2024, with

two letters of support attached; (4) the Government's sentencing letter dated April 10, 2024,

(Doc. 19); and (5) a video compilation from October 23, 2022 provided by the Government.  The

parties should supply the requested materials prior to or at the sentencing, if available, and be

prepared to address the items below during the sentencing hearing.

1. Is it possible for the Government to digitally or otherwise obscure Victim-1's face

   in the video compilation such that the video could be filed on the docket and not

   violate the Crime Victims' Right Act?  If the video compilation is filed, do the

   parties believe that the faces of the other individuals in the video should be

   obscured?  What impact, if any, does the defense submission have on

   Government's concerns related to the Crime Victims' Right Act?

1

2. On page 2 of the Government's sentencing letter it states "At least two different women—including Victim-1—have obtained at least two different orders of protection against the defendant.  Between May 13, 2016 and May 12, 2018, and between August 23, 2021 and January 24, 2022, the mother of the defendant's child had two separate orders of protection forbidding the defendant from contacting her.  (PSR ¶ 47).  Immediately after the shooting, Victim-1 obtained a protective order against the defendant from October 27, 2022 to November 5, 2022, and obtained a second protective order against the defendant from October 21, 2022 to May 15, 2023."  The parties should be prepared to address the below items related to this statement.

    a. Does the Government have copies of these protective orders?  If so, could the Government provide copies of the applications for these protective orders and the protective orders themselves to me by sending them to my chambers' email box?[1]

    b. If the Government does not have copies of the applications for these protective orders and the protective orders, please be prepared to answer the following questions:

        i. Does the Government know what Defendant is alleged to have done that resulted in the mother of his child or Victim-1 receiving protective orders?

        ii. Is Defendant alleged to have physically assaulted either the mother of his child or Victim-1 in connection with these protective orders?

---

[1] The Government may redact these documents to the extent it believes redaction is appropriate under relevant law.

        iii.  Is Defendant alleged to have possessed any kind of weapon in connection with these protective orders?

    c.  Can law enforcement authorities legally obtain an order of protection on behalf of a victim without a victim's consent?

3.  What happened to the Bronx case?  Do the parties have Defendant's Bronx grand jury testimony?  If so, please provide a copy to me by sending to my chambers' email box.[2]

4.  Paragraph 83 of the PSR states "Garcia noted that he was under the influence of alcohol at the time of the instant offense.  He added that he later learned that the alcoholic 'party punch' that he was drinking earlier in the evening of the instant offense was, unbeknownst to him, spiked with Xanax.  Garcia related that he "blacked out" the night of the offense and doesn't recall the evening.  He also noted that he was not in possession of a firearm at the beginning of the evening."  With regard to this statement the parties should be prepared to answer the following questions:

    a.  Other than Defendant and Victim-1's statements related to the "spiked" "party punch," what evidence supports the claim Garcia ingested alcohol and Xanax at the party?

    b.  What is the impact of this statement on Defendant's guilty plea?

    c.  If Defendant does not remember what happened that evening, how does he know he did not have a firearm at the beginning of the evening?

---

[2] To extent the Government believes the grand jury minutes should be redacted it should provide me with a redacted copy of the grand jury minutes.  The Government should also provide a letter explaining the legal basis for any such redactions.

    d.  What was the last thing Defendant remembered that evening?

5.  What were Defendant and Victim-1 arguing about in the hallway of the building at around the time Defendant took the firearm out of the pocket of his pants?

6.  Does the Government have any additional information concerning Defendant's arrest and prosecution described in paragraph 43 of the PSR?  Did Defendant have an accomplice?  How did Garcia get to Bright Star Wireless?  How did plan on getting away from Bright Star Wireless?

7.  On page 3 of Defendant's sentencing submission, it states that Defendant "after having several drinks, . . . found himself intoxicated.  Thereafter, [he] went downstairs and while downstairs, he was handed and possessed a loaded firearm." The parties should be prepared to answer the following questions:

    a.  What is the basis for this statement?

    b.  Is there video of Defendant going downstairs during the party?  If so, when did Defendant return to the party?

    c.  Is there video of Defendant meeting with someone when he went downstairs?

8.  Does any video from October 23, 2022, show when Individual-1 arrived on the floor where the party was being held?

9.  After Individual-1 gave the firearm back to Defendant, where did Individual-1 go when he walked away from the building?

10. Does the video compilation show Defendant walking across the street after discharging the firearm?  Does the video compilation appear to show a car across the street with its lights on?  Did Defendant appear to get into the passenger side

of the car with the lights on?  Did that car then back up several feet, pull out from

where it was parked, and leave the area?  If so, where did that car go?

11. Is there evidence that Defendant completed high school?

12. Has Defendant received one of the COVID-19 vaccines?  If so, when?

SO ORDERED.

Dated:  April 17, 2024
        New York, New York


Vernon S. Broderick
United States District Judge

5